UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MORGAN STEWART,                )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. 1:18-cv-687
                               )
COMMISSIONER OF                )    Honorable Phillip J. Green
SOCIAL SECURITY,               )
                               )
            Defendant.         )
_____)

# **MEMORANDUM OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed his applications for benefits on May 21, 2015. He alleged a March 23, 2014, onset of disability. (ECF No. 13-5, PageID.285, 289). Plaintiff's claims were denied on initial review. (ECF No. 13-4, PageID.162-95). On May 24, 2017, he received a hearing before an ALJ. (ECF No. 13-2, PageID.95-134). On September 28, 2017, the ALJ issued his decision finding that plaintiff was not disabled. (Op., ECF No. 13-2, PageID.81-90). On June 5, 2018, the Appeals Council denied review (ECF No. 13-2, PageID.69-72), rendering the ALJ's decision the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

I. The ALJ failed to give appropriate weight to the opinions of a treating physician under the treating physician rule.

II. The ALJ failed to give appropriate consideration to plaintiff's morbid obesity under SSR 02-1p.

III. The ALJ's finding regarding plaintiff's RFC is not supported by substantial evidence because plaintiff could not perform the physical and mental requirements of work on a sustained basis.

IV. The ALJ's RFC finding gave too much weight to the opinion of a state agency medical consultant.

V. The ALJ failed to give adequate consideration to plaintiff's depression and low GAF scores.

(Plf. Brief, 1-2, 5-6, ECF No. 23, PageID.1030-31, 1034-35). For the reasons stated herein, the Commissioner's decision will be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this Court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830,

833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73; *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion.").

### **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act through December 31, 2017. (Op., 3, ECF No. 13-2, PageID.83). Plaintiff had not engaged in substantial gainful activity since March 23, 2014, the alleged onset of disability. Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine, diabetes mellitus, hypertension, a history of hernia repair surgery, sleep apnea, obesity, and depression." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.84). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work with the following exceptions:

> claimant is able to sit for six hours, with a need to alternate to standing for three to five minutes after every two hours of sitting; and can walk for six hours, with a need to alternate to sitting for three to five minutes after every 20 to 30 minutes of standing or walking. He can occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. He can tolerate occasional exposure to humidity, wetness and extreme heat. The claimant is limited to performing simple, routine, repetitive tasks.

(*Id.* at 5, PageID.85).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 6, PageID.86).

The ALJ found that plaintiff was not disabled at step four of the sequential analysis because he was capable of performing his past relevant work as "a cashier, a deliverer, and a school bus monitor" as those jobs are generally performed in the national economy and as plaintiff performed them. (*Id.* at 8-9, PageID.88-89).

Alternatively, the ALJ found that plaintiff was not disabled at step five of the sequential analysis. In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the vocational expert (VE) testified that there were approximately 480,000 jobs that exist in the national economy that he would be capable of performing. (ECF No. 13-2, PageID.126-27). The ALJ found that this constituted a significant number of jobs, and that plaintiff was not disabled. (Op., 9-10, PageID.89-90).

## Discussion

### 1.

Plaintiff's initial claim of error is that the ALJ failed to give appropriate weight to the opinions of Thomas Neidlinger, M.D., under the treating physician rule. (Plf. Brief, 7-10, ECF No. 23, PageID.1036-39; Reply Brief, 1-5, ECF No. 24, PageID.1049-53).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent ... with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Gayheart v. Commissioner*, 710 F.3d 365, 376 (6th Cir. 2013).

"[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d at 773 (citation and quotation omitted). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Kepke v. Commissioner*, 636 F. App'x 625, 629 (6th Cir. 2016) ("[A] a doctor cannot simply report what his patient says and re-package it as an opinion."); *Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a

-5-

medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p[1] (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *see also Perry v. Commissioner*, 734 F. App'x 335, 339 (6th Cir. 2018) ("This does not require an 'exhaustive, step-by-step analysis[.]' ") (quoting *Biestek v. Commissioner*, 880 F.3d 778, 785 (6th Cir. 2017)).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007*); see Gayheart*, 710 F.3d at 376. The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996

---

[1] On March 27, 2017, the Administration rescinded SSR 96-2p "for claims filed on or after" that date. Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263-01 (Mar. 27, 2017) (reprinted at 2017 WL 1105348). The Administration noted the ruling was inconsistent with new rules that "state that all medical sources, not just acceptable medical sources, can make evidence that we categorize and consider as medical opinions." *Id.*; *see Hancock v. Commissioner*, No. 1:16-cv-1105, 2017 WL 2838237, at *7 n.2 (W.D. Mich. July 3, 2017) ("Those new rules, however, apply only to claims filed on or after March 27, 2017.").

WL 374188 at *5; *see Gayheart*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.'") (citation and quotation omitted).

On July 9, 2015, Dr. Neidlinger completed a Physical Residual Functional Capacity Questionnaire and offered his opinion that during an eight-hour workday, with normal breaks, plaintiff could sit for about two hours and stand/walk for less than two hours.² (ECF No. 13-7, PageID.498-502). The ALJ gave little weight to Dr. Neidlinger's opinion that plaintiff was limited to performing work at less than the sedentary level because it was "not consistent with the medical evidence of record, which show[ed] only conservative treatment and the ability to ambulate without the use of any assistive device." (Op., 8, PageID.88).

---

² ALJs are not bound by conclusory statements of doctors where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton*, 246 F.3d at 773; *see also Ellars v. Commissioner*, 647 F. App'x 563, 566-67 (6th Cir. 2016) (ALJs "properly [give] a check-box form little weight where the physician provide[s] no explanation for the restrictions entered on the form and cite[s] no supporting medical evidence."); *see also Nicholas v. Berryhill*, No. 16-14072, 2018 WL 2181463, at *3 (E.D. Mich. Jan. 25, 2018) ("Courts in this circuit have held that a medical source statement in 'check-the-box' format, by itself, provides little to no persuasive value — to hold otherwise would neglect its glaring lack of narrative analysis.") (citation and quotation omitted).

Plaintiff argues that conservative treatment is appropriate for morbid obesity and that "the necessity for an assistive device [was] confirmed by the Commissioner's consultative examination." (Plf. Brief, 8, ECF No. 23, PageID.1037). The ALJ's consideration of plaintiff's conservative treatment was entirely appropriate. *See, e.g., Regier v. Commissioner*, No. 1:17-cv-683, 2018 WL 4610692, at*5-7 (W.D. Mich. Sept. 26, 2018); *Fooce v. Commissioner*, No. 2:17-cv-73, 2018 WL 2425984, at* 4-6 (W.D. Mich. May 30, 2018).

Plaintiff's statement that the consultative examination "confirmed" the need for an assistive device is not accurate. Dr. Neidlinger never prescribed the use of an assistive device, and he described plaintiff's gait as "normal." (ECF No. 13-7, PageID.518, 530; ECF No. 13-8, PageID.731-32, 746-47). Further, Molly Rossknecht, D.O., the consultative examiner, noted that plaintiff gave a history indicating that he ambulated with a cane. (ECF No. 13-7, PageID.503). Plaintiff displayed a "small stepped wide based gait and [he] used a cane to help him ambulate" during the consultative examination, but Dr. Rossknecht found that he "had full motor strength in all four extremities." (*Id.* at PageID.506). The ALJ noted that the record showed that plaintiff occasionally uses a cane, "but it [did] not reflect a prescription for the same." (Op., 7, PageID.87). The Court finds no violation of the treating physician rule.

## 2.

Plaintiff argues that the ALJ failed to give appropriate consideration to his morbid obesity under SSR 02-1p. (Plf. Brief, 10-12, ECF No. 23, PageID.1039-41).

-8-

The Sixth Circuit has repeatedly held that SSR 02-1p does not establish any particular procedural mode of analysis for addressing the claims of obese disability claimants. *See Coldiron v. Commissioner*, 391 F. App'x 435, 442-43 (6th Cir. 2010) (It is "a mischaracterization to suggest that Social Security Ruling 02-1p offers any particular mode of analysis for obese disability claimants.") (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006)); *see also Austin v. Commissioner*, 714 F. App'x 569, 573-74 (6th Cir. 2018) (SSR 02-1p "provides guidance for evaluating a claimant's obesity, but does not create a separate procedure requiring the Commissioner to consider obesity in every case."); *Titles II & XVI: Evaluation of Obesity*, SSR 02-1p (reprinted at 2002 WL 34686281) (SSA Sept. 12, 2002).

Under SSR 02-1p, obesity is considered in terms of Body Mass Index (BMI), and "descriptive terms for levels of obesity" such as "morbid" obesity do not establish a "severe" impairment. SSR 02-1p, 2002 WL 34686281, at * 2, 6. The ALJ found that plaintiff's obesity was a severe impairment and he considered the evidence regarding plaintiff's BMI. (Op., 3, 7, PageID.83-87). The ALJ expressly considered plaintiff's obesity in combination with his other impairments. (*Id.* at 4, 7, PageID.84, 87). Plaintiff's "combination of impairments" was the reason the ALJ adopted an RFC limiting plaintiff to light work with frequent position changes, limited postural activities, and only occasional exposure to humidity, wetness, and extreme heat. (*Id.* at 5, 7, PageID.85, 87). The Court finds no basis for disturbing the Commissioner's decision.

**3.**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because plaintiff could not perform the physical and mental requirements of work on a sustained basis. (Plf. Brief, 13-15, ECF No. 23, PageID.1042-44; Reply Brief, 2, ECF No. 24, PageID.1050).

RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d); *see Mokbel-Aljahami v. Commissioner*, 732 F. App'x 395, 399-401 (6th Cir. 2018). While the RFC determination is made by the ALJ, an ALJ's RFC determination must be supported by substantial evidence. *Torres v. Commissioner*, 490 F. App'x 748, 754 (6th Cir. 2012).

An ALJ's factual findings concerning a claimant's subjective symptoms are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The Court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The Court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed[.]" *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's findings are reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d at 714. Claimants challenging the ALJ's findings "face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). The Court must accord the ALJ's findings "great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's

demeanor while testifying." *Jones*, 336 F.3d at 476; *see Buxton v. Halter*, 246 F.3d at 773.

The Sixth Circuit recognizes that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The *Rogers* court observed that the ALJ must explain his credibility determination and that the explanation " 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.' "[3] *Id.* (quoting *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Assessing Disability Claims: Assessing the Credibility of an Individual's Statements*, SSR 96-7p (reprinted at 1996 WL 374186, at *4 (SSA July 2, 1996)).

The ALJ's RFC finding was based on plaintiff's "ability to do physical and mental work on a sustained basis despite limitations from his impairments." (Op., 2, PageID.82). The RFC was "not based upon the [plaintiff] being pain free, but rather

---

[3] SSR 16-3p applies to administrative decisions made on or after March 28, 2016. *See Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims* (reprinted at 2017 WL 5180304, at *1, 13 n.27 (SSA Oct. 25, 2017)). It applies here because the ALJ entered his decision after March 28, 2016. In SSR 16-3p, the Administration "eliminate[d] the term credibility from [its] sub-regulatory policy, as [its] regulations do not use the term. In so doing, [the Administration] clarify[ied] that subjective symptom evaluation is not an examination of the individual's character." *Id.* at 1; *see Dooley v. Commissioner*, 656 F. App'x 113, 119 n.1 (6th Cir. 2016). Although SSR 16-3p superseded SSR 96-7p, little has changed. *See Scobey v. Commissioner*, No. 1:17-cv-987, 2018 WL 4658816, at *11 n.3 (W.D. Mich. Sept. 28, 2018) ("[A]side from this linguistic clarification, the analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p.") (citation and quotation omitted).

[was] based on his ability to perform work activities on a sustained basis despite limitations, such as pain, from his impairments." (*Id.* at 7, PageID.87).

The ALJ gave a lengthy and detailed explanation of his factual findings regarding plaintiff's symptoms. (*Id.* at 6-8, PageID.86-88). The ALJ's findings regarding plaintiff's subjective symptoms are supported by substantial evidence. The Court finds no basis for disturbing the Commissioner's decision.

**4.**

Plaintiff claims that the ALJ's finding regarding his RFC is not supported by substantial evidence because the ALJ gave too much weight to the opinion of Larry Jackson, M.D., a state agency medical consultant, that plaintiff could perform light work. Plaintiff's argument is quoted below:

> Significantly, the DSS medical consulta[nt] never examined claimant and when adding claimant's morbid obesity the DSS medical consultant limited claimant to sedentary work. (PageID.141) That very assessment was contradicted on the next page when the DSS consultant limited the claimant only to light work (PageID.142)[.]

(Plf. Brief, 9, ECF No. 23, PageID.1038).

The Court finds that plaintiff waived this argument because it is perfunctory, and plaintiff cites no supporting legal authority. *See Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012) (issues raised in a perfunctory manner are deemed waived); *McPherson v. Kelley*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citation and quotation omitted).

Even assuming the argument was not waived, it does not provide a basis for disturbing the Commissioner's decision. Dr. Jackson reviewed plaintiff's records and completed an RFC assessment indicating that plaintiff could perform light work with additional restrictions. (ECF No. 13-3, PageID.141-43, 151-53). The ALJ found that this opinion was entitled to great weight because it was consistent with the record. (Op., 8, PageID.88). "State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence." *Downs v. Commissioner*, 634 F. App'x. 551, 554 (6th Cir. 2016) (citation and quotation omitted)*; see Brooks v. Commissioner*, 531 F. App'x 636, 642 (6th Cir. 2013) ("[I]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources.") (citation and quotation omitted). Dr. Jackson's opinion that plaintiff could perform light work with additional restrictions was consistent with the record. The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing the evidence. *See Ulman v. Commissioner*, 693 F.3d at 713.

Plaintiff's statement that, "when adding [plaintiff's] morbid obesity," Dr. Jackson limited him to sedentary work, cannot withstand scrutiny. Dr. Jackson expressly considered plaintiff's "[m]orbid obesity" when he opined that plaintiff retained the RFC for light work. (ECF No. 13-3, PageID.142, 152). There are references to "sedentary work" in the Administration's explanation why plaintiff's claims were denied on initial review. But they appear in a discussion of "credibility"

found in the "Assessment of Policy Issues" section, not in the RFC section signed by Dr. Jackson. (*Id.* at PageID.141, 151). The ALJ was not bound by an assessment of plaintiff's credibility made at an earlier step in the administrative review process. *See* 20 C.F.R. §§ 404.946(a), 416.1446(a). The Court finds no basis for disturbing the Commissioner's decision.

**5.**

Plaintiff argues that the ALJ failed to consider his depression and low GAF scores. (Plf. Brief, 15-16, ECF No. 23, PageID.1044-45).

The ALJ considered the evidence regarding plaintiff's mental impairments, found that his depression was a severe impairment, and adopted an RFC limiting him to simple, routine, and repetitive tasks. (Op., 3-5,7-8, PageID.83-85, 87-88). Plaintiff has not shown a lack of substantial evidence supporting the ALJ's RFC finding.

The ALJ did not commit error when he gave "little weight" to GAF scores. (Op. 8, PageID.88). GAF scores are subjective rather than objective assessments and are not entitled to any particular weight. *See Kornecky v. Commissioner*, 167 F. App'x 496, 511 (6th Cir. 2006). "GAF examinations measure psychological, social, and occupational functioning on a continuum of mental-health status from 0 to 100, with lower scores indicating more severe mental limitations." *White v. Commissioner*, 572 F.3d 272, 276 (6th Cir. 2009). "GAF is a clinician's subjective rating of an individual's overall psychological functioning. A GAF score may help an ALJ assess mental RFC, but it is not raw medical data. Rather, it allows a mental health professional to turn medical signs and symptoms into a general assessment, understandable by a lay

-14-

person, of an individual's mental functioning." *Kennedy v. Astrue*, 247 F. App'x 761, 766 (6th Cir. 2007); *see Kornecky*, 167 F. App'x at 503 n.7. The DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS' (DSM-IV's) explanation of GAF scale indicates that "a score may have little or no bearing on the subject's social and occupational functioning." *Kornecky*, 167 F. App'x at 511; *see also Longanecker v. Commissioner*, No. 1:16-cv-417, 2017 WL 217802, at *3 (W.D. Mich. Jan. 19, 2017) ("[A] GAF score is nothing more than [a] subjective opinion[], representing a snapshot of a person's level of functioning at a given moment in time, not a rating of [his] ability to work.") (citation and quotation omitted). "[T]he Commissioner has declined to endorse the GAF score for use in Social Security benefits programs." *Miller v. Commissioner*, 811 F.3d 825, 836 (2016) (citation and quotation omitted).

"[T]he latest edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) no longer includes the GAF scale." *Caldwell v. Commissioner*, No. 15-14358, 2017 WL 815244, at *5 (E.D. Mich. Feb. 10, 2017) (citation and quotation omitted); *see Taylor v. Commissioner*, No. 1:14-cv-294, 2015 WL 1310802 at *4 n.1 (W.D. Mich. Mar. 24, 2015) ("It should be noted that in the latest edition of the DSM has abandoned the GAF scale as a measurement tool."). The GAF scale was abandoned "because of 'its conceptual lack of clarity ... and questionable psychometrics in routine practice.' " *Mayfield v. Berryhill*, No. 17 C 2919, 2018 WL 4052169, at *3 n.3 (N.D. Ill. Aug. 24, 2018) (quoting DSM-V, 16 (5th ed. 2013)).

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision is affirmed.


Dated:   March 6, 2019                        /s/  Phillip J. Green
                                              PHILLIP J. GREEN
                                              United States Magistrate Judge